**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ANTHONY MILLS,                              )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )          No. 4:26-CV-00262 JMB
                                           )
ARLENE BLUTH,                              )
                                           )
            Defendant.                     )

## OPINION MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Anthony Mills's Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 2]. For the reasons set forth below, the Plaintiff's Application will be denied, and his Complaint will be denied and dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

"The federal in forma pauperis statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed in forma pauperis. A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Here, the Plaintiff's Complaint alleges:

> 1. Defendant conspired with individuals in depriving due process rights, Defendant failed to dismiss 100269/2023, causing unreasonable cost to the parties,
> 2. This Court has jurisdiction under federal law,
> 3. Plaintiff demands jury trial and $1 Million against Defendant.

[ECF No. 1 at 1]. The Plaintiff then states why his Complaint complies with the requirements of Federal Rule of Civil Procedure 11. *Id.* That is the entirety of the Complaint.

Even construing the Plaintiff's Complaint liberally, as the Court must, given his pro se status, the Plaintiff's allegations fail to state a claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers[]").

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

Here, the Plaintiff does not provide who the parties are or the reasons for filing the matter in the United States District Court for the Eastern District of Missouri. Additionally, Plaintiff fails to provide any context for his allegations. Furthermore, this same Complaint brought by Anthony Mills against Defendant Arlene Bluth has been filed in numerous federal courts around the country, including in Alaska, Alabama, California, Colorado, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Maryland, Michigan, the Missouri, Mississippi, North Carolina, North Dakota, Nebraska, New Mexico, Nevada, Ohio, Oklahoma, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, Wisconsin and West Virginia.[1] The cases were

---

[1] *E.g., Mills v. Bluth*, No. 3:26-cv-00086-ACP (D. Alaska Feb. 23, 2026); *Mills v. Bluth*, No. 2:26-cv-00105-MHT-SMD (M.D. Ala. Feb. 17, 2026); *Mills v. Bluth*, No. 2:26-cv-00295-GMB (N.D. Ala. Feb. 20, 2026); *Mills v. Bluth*, No. 4:26-cv-00193-KGB (E.D. Ark. Feb. 20, 2026); *Mills v. Bluth*, No. 2:26-cv-02182-FLA-AYP (C.D. Cal. Feb. 20, 2026); *Mills v. Bluth*, No. 2:26-cv-00516-TLN-CSK (E.D. Cal. Feb. 20, 2026); *Mills v. Bluth*, No. 1:26-cv-00702-RTG (D. Colo. Feb. 20, 2026); *Mills v. Bluth*, No. 8:26-cv-00481-JLB-CPT (M.D. Fla. Feb. 20, 2026); *Mills v. Bluth*, No. 1:26-cv-00045-RH-MJF (N.D. Fla. Feb. 19, 2026); *Mills v. Bluth*, No. 1:26-cv-21079-RKA (S.D. Fla. Feb. 18, 2026); *Mills v. Bluth*, No. 5:26-cv-00069-MTT (M.D. Ga. Feb. 25, 2026); *Mills v. Bluth*, No. 1:26-cv-00947-AT (N.D. Ga. Feb. 17, 2026); *Mills v.*

all filed between February 17, 2026 and February 27, 2026. Each complaint (at least the several this Court reviewed), is dated February 1, 2026. The Plaintiff's mailing address is in Tamuning, Guam, but the envelope he mailed his Complaint in is postmarked in New York, NY.

An action is "malicious" in the context of Section 1915(e)(2)(B)(i) where it is "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Dismissal based on maliciousness is appropriate where the plaintiff knows the allegations to be false, or where the complaint is "plainly part of a longstanding pattern of abusive and repetitious lawsuits." *Horsey v. Asher*, 741 F.2d 209, 212-13 (8th Cir. 1984). *See also Carter v. Schafer*, 273 Fed. Appx. 581 (8th Cir. 2008) (affirming district court dismissal for maliciousness where non-prisoner plaintiff "filed at least thirty separate complaints" in a five-year period, with a number of those cases raising "issues that are the same as or are substantially similar to those in the instant case, against the same

---

*Bluth*, No. 1:26-cv-00036-JRH-BKE (S.D. Ga. Feb. 24, 2026); *Mills v. Bluth*, No. 1:26-cv-01076-JEH-RLH (C.D. Ill. Feb. 23, 2026); *Mills v. Bluth*, No. 1:26-cv-00091-HAB-ALT (N.D. Ind. Feb. 20, 2026); *Mills v. Bluth*, No. 1:26-cv-00368-JRO-MJD (S.D. Ind. Feb. 20, 2026); *Mills v. Bluth*, No. 2:26-cv-02109-KHV-ADM (D. Kan. Feb. 23, 2026); *Mills v. Bluth*, No. 1:26-cv-00025-JHM (W.D. Ken. Feb. 20, 2026); *Mills v. Bluth*, No. 2:26-cv-00400-WBV-KWR (E.D. La. Feb. 23, 2026); *Mills v. Bluth*, No. 3:26-cv-00187-JWD-SDJ (M.D. La. Feb. 20, 2026); *Mills v. Bluth*, No. 1:26-cv-00538-JE-JPM (W.D. La. Feb. 20, 2026); *Mills v. Bluth*, No. 1:26-cv-10940-AK (D. Mass. Feb. 20, 2026); *Mills v. Bluth*, No. 8:26-cv-00698-TJS (D. Md. Feb. 19, 2026); *Mills v. Bluth*, No. 1:26-cv-00597-JMB-RSK (W.D. Mich. Feb. 23, 2026); *Mills v. Bluth*, No. 4:26-cv-00151-FJG (W.D. Mo. Feb. 20, 2026); *Mills v. Bluth*, No. 3:26-cv-00037-MPM-RP (N.D. Miss. Feb. 20, 2026); *Mills v. Bluth*, No. 1:26-cv-00182-CCE-JEP (M.D. N.C. Feb. 20, 2026); *Mills v. Bluth*, No. 3:26-cv-00141-MEO-DCK (W.D. N.C. Feb. 20, 2026); *Mills v. Bluth*, No. 1:26-cv-00047-DLH-CRH (D. N.D. Feb. 23, 2026); *Mills v. Bluth*, No. 8:26-cv-00085-JMG-PRSE (D. Neb. Feb. 24, 2026); *Mills v. Bluth*, No. 1:26-cv-00162-SE-TSM (D. N.H. Feb. 20, 2026); *Mills v. Bluth*, No. 1:26-cv-00502-KK (D. N.M. Feb. 20, 2026); *Mills v. Bluth*, No. 3:26-cv-00140-ART-CLB (D. Nev. Feb. 26, 2026); *Mills v. Bluth*, No. 1:26-cv-00191-MWM-SKB (S.D. Ohio Feb. 23, 2026); *Mills v. Bluth*, No. 4:26-cv-00092-SHE-JFJ (D. Okla. Feb. 20, 2026); *Mills v. Bluth*, No. 5:26-cv-00322-SLP (W.D. Okla. Feb. 20, 2026); *Mills v. Bluth*, No. 1:26-cv-00104-MRD-PAS (D. R.I. Feb. 19, 2026); *Mills v. Bluth*, No. 6:26-cv-00760-TMC (D. S.C. Feb. 24, 2026); *Mills v. Bluth*, No. 2:26-cv-00041-DCLC-CRW (E.D. Tenn. Feb. 27, 2026); *Mills v. Bluth*, No. 3:26-cv-00198 (M.D. Tenn. Feb. 23, 2026); *Mills v. Bluth*, No. 2:26-cv-02183-SHL-tmp (W.D. Tenn. Feb. 20, 2026); *Mills v. Bluth*, No. 1:26-cv-00070-MJT-ZJH (E.D. Tx. Feb. 23, 2026); *Mills v. Bluth*, No. 1:26-cv-00077-H-BU (N.D. Tx. Feb. 20, 2026); *Mills v. Bluth*, No. 1:26-cv-00219 (S.D. Tx. Feb. 23, 2026); *Mills v. Bluth*, No. 4:26-cv-00017-DC-DF (W.D. Tx. Feb. 23, 2026); *Mills v. Bluth*, No. 2:26-cv-00170-AWA-LRL (E.D. Va. Feb. 20, 2026); *Mills v. Bluth*, No. 1:26-cv-00032-JPJ-PMS (W.D. Va. Feb. 20, 2026); *Mills v. Bluth*, No. 2:26-cv-00090-MKD (E.D. Wash. Feb. 20, 2026); *Mills v. Bluth*, No. 2:26-cv-00720-JNW (W.D. Wash. Feb. 23, 2026); *Mills v. Bluth*, No. 3:26-cv-00143-jdp (W.D. Wis. Feb. 23, 2026); *Mills v. Bluth*, No. 2:26-cv-00133 (S.D. W.Va. Feb. 23, 2026).

defendants"); and *Cooper v. Wood*, 111 F.3d 135 (8th Cir. 1997) (unpublished opinion) (explaining that the Eighth Circuit has "interpreted 'malicious' to apply to situations where the plaintiff knows the allegations to be false…where the complaint is plainly part of a longstanding pattern of abusive and repetitious lawsuits…and where the complaint contains disrespectful references or abusive language").

Certainly, where a plaintiff files the same complaint with the same three meager allegations – just the barest possible sentences – in a plethora of courts within just days of each other, that plaintiff intends to harass either the defendant, the court, or both.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DENIED and DISMISSED** as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 5th day of March, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

4